## KENT COUNTY THEATER CORPORATION *v.* CITY OF GRAND RAPIDS

MUNICIPAL    CORPORATIONS—MUNICIPAL    LICENSING    AUTHORITY—
POWER OF COURTS TO REVIEW ACTIONS.

> A court may properly substitute its judgment for that of a
> licensing authority when the act of the licensing authority is
> found to be arbitrary or unreasonable.

Appeal from Kent, Hoffius (Stuart), J. Submitted Division 3 November 15, 1968, at Grand Rapids. (Docket No. 4,654.) Decided November 27, 1968.

Complaint by Kent County Theater Corporation, a Michigan corporation, and Floyd Bloss against the City of Grand Rapids, Michigan, a municipal corporation, the Grand Rapids City Commission, and Henry Nabers, City Manager, for an injunction restraining defendants from continuing to deny plaintiffs a license to operate a motion picture theater, and for damages arising from the denial of the license. Injunction granted, but damages denied. Defendants appeal. Affirmed.

*Graham and Johnson* (*John W. Piggott,* of counsel), for plaintiffs.

*Steven L. Dykema,* City Attorney, for defendants.

REFERENCE FOR POINTS IN HEADNOTE
**38 Am Jur,** Municipal Corporations § 325 *et seq.*

Per Curiam.   On March 25, 1966, a motion picture theater license was issued to plaintiff, Floyd Bloss by the city of Grand Rapids for the Capri Theater. The license was to expire May 1, 1967, but because of certain revisions to the city code, all licenses were extended until June 30, 1967.   Hearings were held on May 11 and May 18 in 1967 to decide whether or not a new theater license should be issued to the Capri Theater.   The hearings were attended by plaintiff and his attorney and were transcribed.   A summary of the material testimony from these hearings follows.

Mr. Bloss operated the Capri Theater as a proprietorship under the assumed name of "Capri Theater" until about March 27, 1967.   On April 4, 1967, Mr. Bloss filed a certificate of discontinuance with the Kent county clerk certifying that the business conducted under the firm name of Capri Theater at 404 S. Division avenue was discontinued on March 27, 1968.   Mr. Bloss executed articles of incorporation for Kent County Theater Corporation, a plaintiff herein, which were filed with the Michigan department of treasury on March 23, 1967.

Although the operation of the Capri Theater was changed from a proprietorship to a corporation, no transfer of the license was applied for until after the first hearing.

Section 7.24 of the Grand Rapids city code provides that no license shall be transferred unless specifically authorized by the code and that no licensee, unless authorized by the provisions of the code, shall transfer or attempt to transfer his license to another, nor shall he make any improper use of the same.

Section 7.25 of the city code provides that any attempt by a licensee to transfer his license to another, where not specifically authorized by the code,

or to use the same improperly, shall be void and result in the automatic revocation of such license.

Section 7.1 of the city code provides that no person shall engage in the operation of a business for which a license is required without first obtaining the license.

Section 7.371 of the city code requires that a person first obtain a license before engaging in the motion picture theater business.

On April 26, 1967, officer William Van Tuinen of the Grand Rapids police department's vice-squad, offered to pay the regular theater admittance fee, but was refused admittance by Mr. Bloss. Defendants claim that this was an attempted inspection which is authorized under § 7.6 of the city code.

After the hearings, the city manager, Mr. Henry B. Nabers, suspended the motion picture license of Mr. Bloss. He set forth the following reasons in a letter dated May 24: (1) Previous operation of the Capri Theater by the applicant Kent County Theater Corporation without a license, in violation of §§ 7.1 and 7.371 of the city code; (2) an illegal attempt to transfer a theater license and otherwise make improper use of same in violation of §§ 7.24 and 7.25 of the city code; and (3) intentional refusal to allow an inspection, in violation of § 7.6 of the city code. In the same letter he also denied the issuance of a motion picture theater license to the Kent County Theater Corporation for the same reasons.

An appeal was taken by Mr. Bloss, but the city commission on June 13, 1967, denied any further relief for the same above reasons. Mr. Bloss then brought action in the circuit court. The trial court permanently enjoined the city from further denial of a motion picture license to the Kent County Theater Corporation but denied plaintiff's claim for

damages. The court's opinion recited in part as follows:

"It appears to this court that the denial of the application for transfer and new license was done for reasons other than those stated in the letter by the city manager.    *    *    *

"I am therefore of the opinion that the cause for denial is not justified under § 7.19 of the Grand Rapids city code and is so *unreasonable* that this court must grant relief to the plaintiffs." (Emphasis supplied.)

This appeal by the city of Grand Rapids followed. The issue before this Court is whether the reasons given by the city commission were so arbitrary, capricious and unreasonable as to allow the circuit court to reverse the decision of this administrative body.

In *Detroit* v. *Circuit Judge* (1890), 79 Mich 384, it was held that a court has authority to enjoin acts of a city, if the city as a corporation is acting unlawfully. *Veldman* v. *City of Grand Rapids* (1936), 275 Mich 100, holds that interference of a court of equity in municipal affairs is warranted if it is shown there was a malicious intent, capricious action, or something which shows the actions of officers complained of did not arise from an exercise of judgment and discretion vested by law in them.

The trial judge in a written opinion thoroughly reviewed the three reasons stated by the city of Grand Rapids for refusal to renew the license and concluded that "it appears that the proceedings were so unreasonable that the denial amounts to abuse of discretion." As to each ground, he stated that there was no change in the operation of the movie theater even though it was operated by the "Kent County Theater Corporation," and the city's extension of licenses from May 1 to June 30 brought

about some of the problems involved in the license transfer.

The trial judge also determined that the denial of a license for failure to comply with the ordinance was so arbitrary and unreasonable that an equity court would be compelled to grant relief therefrom. *Johnson* v. *Commissioner of Agriculture* (1946), 314 Mich 548.

The third reason given for denial of, the license was that plaintiff did not permit a vice-squad officer to make an inspection. The trial judge, from the testimony of officer Van Tuinen, held that "there is nothing in the testimony which would indicate that officer Van Tuinen was there in his official capacity pursuant to the ordinance. It is concluded that to use a situation such as above as the reason for denial of a license is unreasonable."

The reasons for denial of the theater license were, as stated by the trial judge, unreasonable. A court may properly substitute its own judgment for that of a licensing authority where the act of the licensing authority is found to be arbitrary or unreasonable. *Veldman* v. *City of Grand Rapids, supra.*

Affirmed. No costs, a public question being involved.

HOLBROOK, P. J., and T. G. KAVANAGH and MC-INTYRE, JJ., concurred.